REQUESTED BY: William H. Riley, Director of Banking.
May an industrial loan and investment company, in connection with making a loan, charge the borrower a certain percentage of the loan to cover costs and expenses incurred in connection with making the loan?
No.
You state that many financial institutions have adopted the practice of charging the borrower a service fee of a certain percentage of the loan to cover costs incurred in making the loan. You state that some industrial loan and investment companies are now starting to follow this practice.
In our opinion, this practice is clearly prohibited by section 8-439, R.R.S. 1943. This section provides in part:
 ". . . A borrower may be required to pay all reasonable expenses incurred in connection with the making, closing disbursing, extending, readjusting, or renewing of loans. Such expenses may include abstracting, recording, and registration fees, premiums paid for nonfiling insurance, premiums paid on insurance policies covering tangible personal property securing the loan, title examinations, survey, escrow services, and taxes or charges imposed upon or in connection with the making and recording of any mortgage. Such reasonable initial charges may be collected from the borrower and shall not be considered interest or a charge for the use of the money loaned. A loan settlement statement shall furnished to each borrower, indicating in detail the charges and fees such borrower has paid or obligated himself to pay in connection with such loan. A copy of such statement shall be retained in the records of the company."
We hardly see how an argument can be made that a fixed fee, or a percentage of the loan charged to cover the expenses could comply with that section. In addition to the fact that the statute specifically itemizes the expenses which the borrower may be required to pay, the statute also requires a loan settlement statement to be furnished, indicating in detail the charges the borrower has paid.
A percentage of the loan charged to cover the necessary expenses is particularly inappropriate, because most of the expenses incurred in connection with the loan are not dependent upon the size of the loan. For example, abstracting an recording fees, title examinations, surveys, and escrow services are completely independent of the size of the loan. Yet, one borrower might be paying several times more to the lender for these expenses than another borrower, simply because the loan was larger. The lender, of course, would pocket the difference between the actual expenses and the amount charged to the borrower.
We wish to caution you that this opinion is addressed only to the question of industrial loan and investment companies, and may not apply to other types of financial institutions. A similar provision with respect to building and loan associations is found in section 8-330, but it may be modified by section 8-355, R.S.Supp., 1976. If federal savings and loan associations are permitted to make percentage charges for expenses, building and loan associations may be entitled to make such charges, also. We find no similar limitations charges which can be made by banks, except section8-821, dealing with personal loans by banks and trust companies. We therefore express no opinion, one way or the other, at this time as to whether financial institution other than industrial loan and investment companies may make such charges.